## WAGENER v. BOYNTON.

Section 2015 of General Statutes authorizes the assignee under a deed of assignment for the benefit of creditors, to recover by suit from any "creditor or person having a claim against the assignor or who is under any liability for the assignor," any property conveyed by the debtor within 90 days before the assignment and with a view to give a preference, &c., to such creditor or other person who knowingly so receives it or is to be benefited by it. *Held*, that under the terms of this statute the assignee might recover from the wife of the assignor a tract of land conveyed to her by the assignor-debtor, where such conveyance was without valuable consideration and was executed within 90 days before the deed of assignment. MR. CHIEF JUSTICE SIMPSON *dissenting*.

Before KERSHAW, J., Barnwell, March, 1887.

The complaint in this case was as follows:

The plaintiff, complaining of the above named defendants, alleges—

I. That on the 7th day of February, 1885, the defendant, W. R. Boynton, being indebted to a large number of persons in various sums, aggregating a large sum of money, and being insolvent and unable to pay the amounts due, made and executed his certain deed of assignment, whereby he conveyed, transferred, and assigned unto the plaintiff all of the real and personal property then owned, claimed, and in the name of the said W. R. Boynton.

II. That the said property so assigned and conveyed was in trust, nevertheless, to be sold and disposed of by the plaintiff, and the proceeds arising therefrom divided or paid out *pro rata* to such of the creditors of the said W. R. Boynton as would accept the terms of the said assignment, and execute releases of all further demands against him. All of which will more fully appear by reference to said deed of assignment, which is record-

ed in the office of the register of mesne conveyance for said State and county, in book 5 B, p. 317.

III. That the plaintiff accepted the said trust, and in accordance with the laws of this State in such cases, called a meeting of the creditors of the said W. R. Boynton, which meeting was held in the office of F. W. Wagener & Co., in the city of Charleston, on the     day of     , 1885; and at the said meeting the plaintiff was nominated and appointed by said creditors as their agent to manage and control their interests in the matter of said assignment.

IV. That by virtue of the powers and authority conferred upon him by said deed and appointment, and in pursuance thereof, the plaintiff did sell and dispose of all the property that came into his possession and control under said deed, and collected all of the choses in action that he could, and realized out of said sales and collections all that he could, managing the same to the best of his ability, under the advice and counsel of the board of advisers appointed by the said creditors.

V. That the fund realized from the said sales and collections of the assets which came into the hands of the plaintiff is very greatly inadequate to meet the demands of the creditors, and will pay but a small percentage thereof.

VI. That on the 16th day of December, 1884, and less than ninety days before the said deed of assignment was executed, the said W. R. Boynton was seized in fee of the following described real estate, to wit: all that certain piece or parcel of land situate and being in the said State and county, containing 400 acres, more or less, and bounded on the north by lands of the estate of Jones Williams, deceased, and of E. L. Sanders; south by lands of W. R. Boynton; east by J. B. Boynton alone and M. B. Boynton, and west by lands of John D. Hoover and James S. Brabham; and on that day, and while he was manifestly insolvent, he, the said W. R. Boynton, executed his certain deed of conveyance, whereby he sold and conveyed the said lands for life to the defendant, Mary W. Boynton; and after the death of the said Mary W. Boynton, then in fee to the defendants, Ida A. Beard, wife of Charles Beard, Benj. F. Boynton, and Ellie E. Boynton; all three of whom are minors over the age of fourteen

years, and reside in said county—the last two named with their mother, the said Mary W.—and they are now in possession thereof, claiming the same as their own.

VII. That said last mentioned deed was without consideration, against the rights of the creditors of the said W. R. Boynton, and void in law; and the said land should have been included in the said deed of assignment, and is now subject to the demands of said creditors.

VIII. That the plaintiff demanded that the said lands be turned over to him as assignee and agent of creditors as aforesaid, to be disposed of as the other assets of W. R. Boynton, but the defendants refused, and still refuse, to comply with plaintiff's demand.

Wherefore the plaintiff prays judgment, &c.

Other matters are stated in the opinion.

*Mr. Robert Aldrich,* for appellant.

*Mr. L. T. Izlar,* contra.

October 12, 1888. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The Circuit Judge states the case as follows: "The complaint herein [let it appear in full] alleged that the defendant, W. R. Boynton, being largely indebted to a number of persons, on the 7th day of February, 1885, assigned all his property to the plaintiff for the benefit of his creditors; that the creditors met and appointed the plaintiff their agent, in the manner provided by law for such cases; that the plaintiff accepted the trusts of the deed and disposed of the property, and realized only sufficient to pay a small percentage of the debts provided for, leaving a large balance still due the creditors; that on the 10th day of December, 1884, and less than ninety days before the said deed of assignment was executed, the said W. R. Boynton was seized of a tract of land described in the complaint, and conveyed the said land in fee simple to the defendant, Mary W. Boynton, who is now in possession thereof, which conveyance was without consideration, against the rights of the creditors of the said W. R. Boynton and void in law, the same having been

made '*while he was manifestly insolvent,*' and within ninety days before the general assignment for the benefit of his creditors made to the plaintiff as aforesaid. Such being in substance the allegations of the complaint, the defendants moved to dismiss the complaint, because it did not contain facts sufficient to constitute a cause of action."

After argument, the judge ruled as follows: "I am unable to see anything to distinguish the case alleged here from that provided for in the 2015th section of the General Statutes, which gives the assignee the right of recovery of the property disposed of under such circumstances," and overruled the demurrer. The defendants appeal upon the ground "that the Circuit Judge erred in dismissing the demurrer, and should have dismissed the complaint; for, upon a proper construction of the statute, the object aimed at is to prevent a preference of creditors, and the action which the assignee of an insolvent creditor is authorized to maintain. is against a creditor of an insolvent debtor, to whom property has been transferred within ninety days prior to the assignment. And the complaint does not allege that Mary B. Boynton was a creditor of the insolvent debtor."

The question depends upon the proper construction of section 2015 of the General Statutes, which is one of a number in the chapter entitled "Of assignments for benefit of creditors." The section under consideration reads as follows: "If any person being insolvent, within ninety days before the making of any assignment by him or her of his or her property for the benefit of his or her creditors, with a view to give a preference to any creditor or person having a claim against him or her, or who is under any liability for him or her, procures or suffers any part of his or her property to be attached, sequestered, or seized on execution, or makes any payment, pledge, assignment, transfer, or conveyance of any part of his or her property, either directly, absolutely, or conditionally, the person receiving such payment, pledge, assignment, transfer. or conveyance of any part of his or her property, or to be benefited thereby, or by such attachment, having reasonable cause to believe such person to be insolvent, and that such attachment, sequestration, seizure, payment, pledge, assignment, or conveyance, is made in fraud of the provisions of

this chapter, the same shall be void, and the assignee may recover the property, or the value of it, from the person so receiving it or so to be benefited. Nothing, however, in this section shall be construed to invalidate any loan of actual value, or the security therefor, made in good faith upon a security taken in good faith, on the occasion of making such loan or any security *bona fide* made for advances," &c.

This section is far from clear—indeed, as it seems to us, it is very obscure. We think, however, it is apparent that each section of the chapter had a special purpose in reference to the general subject of assignments. For instance, section 2014 had already provided for the case of giving priority or preference in the assignment. Then comes the section (2015), which is under consideration, with the statement on the margin of the section, "As to all transactions within ninety days of insolvency." We find it difficult to conceive that it was the intention to confine such transactions only to creditors, for then nothing could be easier for the insolvent debtor than to transfer his property to one not a creditor, put the money in his pocket, and then assign "a beggarly account of empty boxes." It is true that in this section also, there are the words, "with a view to give a preference to any creditor," but the following are added, "or a person having a claim against him or her, or who is under any liability for him or her." What was intended by these words? We can hardly suppose they are mere surplusage, meaning nothing other than "creditor," whose case had just been disposed of. There must be some meaning beyond that. The proviso of the section, it seems to us, strengthens this view. "Nothing, however, in this section shall be construed to invalidate any loan of actual value, or the security therefor, made in good faith upon a security taken in good faith on the occasion of the making of such loan, or any security *bona fide* made for advances." We cannot doubt that the transactions here referred to are assumed to be within the ninety days, and they are in no way limited only to "creditors"—that is to say, those who were creditors before such transactions.

We concur with the Circuit Judge that the case stated in the complaint is covered by the power given to the assignee in sec-

tion 2015, "to recover the property or the value of it, from the person [not creditor] so receiving it, or so to be benefited."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE McIVER concurred.

MR. CHIEF JUSTICE SIMPSON, *dissenting.* Section 2015 of General Statutes, as well as section 2014, was intended, as I understand the matter, to prevent preferences by an insolvent debtor to one or more creditors over the others, when he came to make an assignment for the benefit of creditors. The chapter embracing these sections is entitled, "Of assignments for *the benefit of creditors.*" And preferences are inhibited without regard to the question of fraud. Section 2014 strikes at preferences embraced in the assignment itself for the benefit of creditors, and section 2015 inhibits preferences given at any time within 90 days before the execution of the assignment, but the *preference* aimed at must be a preference to a "creditor, or person having a claim against the debtor, or who is under some liability for him." Now, it does not seem to me that the wife of the defendant, Boynton, below, occupied the relation of creditor to him, or of a person having a claim against him, or was under any liability for him. Such being the fact, it appears to me that to vacate the conveyance in question under section 2015 of the assignment act, or under any provision of that act, would be extending said act beyond both its letter and its spirit. I am unable, therefore, to concur in the opinion of the majority in this case.

If the conveyance of Boynton to his wife is fraudulent because voluntary and intended to delay and defeat the just rights of his creditors, they have a plain and adequate remedy open to them, both at common law and under the statute of Elizabeth, and I can see no reason why the assignment act should be stretched beyond its proper and legitimate purpose and intent, even admitting the deed in question to be fraudulent.